MEMORANDUM **
Jasvir Kaur, and her husband, Major Singh, both natives and citizens of India, petition for review of the Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Lata v. INS, 204 F.3d 1241, 1244 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, INS v. Elias-Zacarias, 502 U.S. 478, 481 *629 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to review petitioners’ contention that they qualify for humanitarian asylum because they failed to exhaust this claim before the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004)
Substantial evidence supports the agency’s finding that even assuming petitioners’ credibly established past persecution, the government rebutted petitioners’ presumption of a well-founded fear of future persecution by demonstrating changed country conditions in India. See 8 C.F.R. § 1208.13(b)(1)(i)(A); see also Sowe v. Mukasey, 538 F.3d 1281, 1285-86 (9th Cir.2008). Accordingly, petitioners’ asylum claim fails.
Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. See Sowe, 538 F.3d at 1288.
Finally, substantial evidence supports the agency’s denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured if returned to India. See Hasan v. Ashcroft, 380 F.3d 1114, 1122-23 (9th Cir. 2004).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.